Kevan v. National Life Ins. Co. of U. S. of America, 207 Ill. App. 341.

2. MASTER AND SERVANT—*when master bound by terms of contract as to committee of supervision of work.*  Where a contract of employment of a physical instructor provides for the employment of a certain committee for handling and disposing of questions concerning the servant's work, the master is bound thereby and may not require the servant to be answerable to a different committee.

3. MASTER AND SERVANT, § 50*—*when evidence insufficient to show grounds for discharge.*  In an action by a servant employed as physical director of a society, *held* that, even though plaintiff was answerable to a special supervising committee instead of the regular committee provided by the contract, the evidence was insufficient to show a serious refusal on the part of plaintiff to appear before such committee so as to warrant his discharge.

-------

## Retta T. Kevan, Plaintiff in Error, v. National Life Insurance Company of the United States of America, Defendant in Error.

## Gen. No. 23,086. (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.  Heard in this court at the March term, 1917.  Affirmed.  Opinion filed October 2, 1917.

### Statement of the Case.

Bill by Retta T. Kevan, complainant, against National Life Insurance Company of the United States of America, defendant, asking that a release signed by complainant releasing defendant from liability on a policy of insurance on the life of complainant's husband in consideration of the refund of the last premium paid, after default in payment, be canceled and defendant be required to pay the amount of the policy.  From a decree dismissing the bill for want of equity, complainant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WORTH ALLEN, for plaintiff in error.

L. A. STEBBINS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 378*—*when evidence insufficient to show extension of time for payment of last premium.* On a bill by a beneficiary in a life insurance policy to set aside a release given by complainant releasing defendant from liability on a policy on the life of complainant's husband, and to compel the payment of the amount of the policy, evidence *held* insufficient to show an extension of time for the payment of the last premium.

2. RELEASE, § 8*—*when release of insurance company from liability is valid.* Where there is a disagreement between the beneficiary in a life insurance policy and the insurer as to whether an oral agreement was made between complainant and one of defendant's employees for an extension of time for the payment of the last premium, a release of the company from liability executed in consideration of the repayment of a previous premium is valid, in the absence of fraud or misrepresentation.

3. EQUITY, § 345*—*when findings of fact in decree are unnecessary.* Findings of fact in a decree dismissing a bill for want of equity are unessential and superfluous, since a decree for the defendant needs no evidence to support it and it is supported by the absence or insufficiency of evidence.

4. APPEAL AND ERROR, § 1175*—*what is not subject of review on appeal from decree dismissing bill for want of equity.* Argument and remarks of counsel are not proper subjects for review on appeal from a decree dismissing a bill for want of equity, as the only question for review is the propriety of the order dismissing the bill, considered upon the evidence presented and the rules of law applicable thereto.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.